Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHUN IK CHANG, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>FRONTLINE ASSET STRATEGIES, LLC; RAZOR CAPITAL II, LLC; and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Chun Ik Chang, by way of Class Action Complaint against Defendants, Frontline Asset Strategies, LLC and Razor Capital II, LLC and John Does 1 to 10 states:

### I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by attempting to collect consumer debts on behalf of debt buyers operating in the State of New Jersey as a consumer lender or sales finance company without a license to do so under the New Jersey Consumer Finance Licensing Act N.J. Stat. Ann. § 17:11C-3; thereby attempting to collect amounts not permitted by law.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5. Plaintiff Chun Ik Chang ("Plaintiff" or "Chang") is a natural person residing in Bergen County, New Jersey.

6. Defendant Frontline Asset Strategies, LLC ("FAS") is a foreign limited liability company located at 2700 Snelling Avenue North, Suite 250, Roseville, MN 55113, engaged in the collection of defaulted consumer debts.

7. Defendant Razor Capital II, LLC ("Razor") is a foreign limited liability with a principal place of address located at 8000 Norman Center Drive, Suite 860, Bloomington, MN, 55437.

8. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

A. **Background**

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. The principal purpose of Defendants is the collection of debts.

13. RAZOR is litigious debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

14. In connection with RAZOR's efforts to collect consumer debts, RAZOR routinely hires other debt collectors, such as FSA, in an effort to collect the consumer debts.

15. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from Credit One Bank, N.A. ("Debt" or "Account").

17. The Debt arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. Defendant are debt collectors.

21. The Account was assigned to Defendants for the purpose of collecting the Debt.

22.     The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B.  Unlawful Collection**

23.     In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on February 21, 2017 (the "FSA Letter"). A true but redacted copy of the FSA Letter is attached as ***Exhibit A***.

24.     Plaintiff received and reviewed the FSA Letter.

25.     The FSA Letter identifies Razor Capital II, LLC as the current creditor to whom the Debt is owed.

26.      At the time the FSA Letter was sent, Razor Capital II, LLC, was not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

27.     "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

28.     "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).

29. Razor Capital II, LLC is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

30. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of [Razor Capital II, LLC], who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

31. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

## V.  CLASS ACTION ALLEGATIONS

32. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with addresses in the State of New Jersey against whom, beginning February 20, 2017 through and including the final resolution of this case, Frontline Asset Strategies, LLC attempted to collect a consumer debt on behalf of Razor Capital II, LLC.

33. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

---

[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

34. The Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

35. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are a debt collector under the FDCPA;

    B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

    C. Whether Plaintiff and the Class are entitled to damages.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

37. The claims of the Plaintiff are typical of the claims of the members of the Class.

38. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

39. Plaintiff does not have interests antagonistic to those of the Class.

40. The Class, of which Plaintiff is a member, is readily identifiable.

41. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

42. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

43. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.    VIOLATIONS OF THE FDCPA

44. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

46. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

47. Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

48. Defendants are not a "creditor" as defined by 15 U.S.C. § 1692a(4).

49. The FSA Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

50. By attempting to collect consumer debts on behalf of debt buyers not licensed under the NJCFLA, Defendants violated the following provisions of the FDCPA:

    a.    Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

    b.    Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

  c. Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

  d. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

  e. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and

  f. Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

51. The violations of the FDCPA described herein constitute *per se* violations.

52. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chun Ik Chang demands judgment against Defendants Frontline Asset Strategies, LLC and Razor Capital II, LLC as follows:

 A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

 B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

 C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

 D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

 E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

 F. For pre-judgment and post-judgment interest; and

 G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

### IX.     CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                KIM LAW FIRM LLC

Dated: February 20, 2018

                                                *s/ Yongmoon Kim*
                                                Yongmoon Kim
                                                *Attorneys for Plaintiff and the Proposed Class*