

Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

January 20, 2021

*Via ECF*

Honorable Michael A. Hammer, U.S.M.J.
United States District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room MLK 2C
Newark, New Jersey 07102

**Re:    Chang v. Frontline Asset Strategies, LLC, et al.**
**Case No.: 2:18-cv-02388-MAH (Consol. Case: Sandoval v. Absolute**
**Resolutions Investments, LLC, et al., No. 2:18-cv-10904- SCM)**

Dear Judge Hammer:

This firm represents Plaintiffs in the above-referenced matter. Pursuant to the Court's Order of January 6, 2021 (ECF No. 50), we write together and jointly with counsel for Defendants to report the parties' status regarding discovery of confirmatory financial net worth information relating to Plaintiffs' anticipated motion for preliminary approval of settlement of the consolidated actions.

The parties' efforts continue, towards completing confirmatory discovery regarding Defendants' financial net worth, whereupon, subject to the contents thereof, Plaintiffs expect to be able to submit their preliminary approval motion.

Previously, on October 16, 2020, Defendants submitted a letter (ECF No. 49), referring to delays encountered by Defendants, and a disagreement between the parties, relating to confirmatory discovery, and, therefore, Defendants requested additional time to complete production of confirmatory financial information and, if necessary, a brief telephone conference with Your Honor regarding the remaining confirmatory discovery dispute.

Following Defendants' letter of October 16, 2020, the Court entered an Order on January 6, 2021 (ECF No. 50), permitting until January 20, 2021 for submission of either the motion for preliminary approval, or a joint status report explaining the delay as to submission of the motion.

**THE DISPUTE:**

The dispute arises in connection with completion of confirmatory discovery pursuant to the operative Settlement Agreement ("S.A."), annexed hereto, which requires completion of confirmatory discovery, including discovery by which to assess Defendants' financial net worth. *See* S.A. ¶16 [1], ¶17.[2]

The dispute is whether Defendants must produce: (a) audited 2018 and 2019 financial statements for each of the four defendant parties to the Settlement Agreement, and/or (b) unaudited 2018 and 2019 financial statements if no audited statements exist; and/or (c) an affidavit attesting as to availability of audited and/or unaudited 2018 and 2019 financial statements for each of the four defendants; and/or (d) a confirmatory deposition pursuant to the Settlement Agreement.

---

[1] S.A. ¶16: "No later than seven (7) days after the date of the execution of this Agreement, the Defendants shall [] provide Class Counsel a certification attesting to the accuracy of the representation concerning the Defendants' net worth attaching the most recent audited financial statement. The certification shall be from a CPA or other qualified representative of the Defendants with personal knowledge attesting to the accuracy of the net worth representation and setting forth the matter by which the estimate was calculated and describing the materials utilized to create the estimate."

[2] S.A.. ¶17: "If Class Counsel reasonably deems [the] certification to be unacceptable, incomplete or inaccurate, the Parties shall cooperate to correct any issues. After such good faith attempts, Defendants agree that Class Counsel may depose persons(s) involved in the preparation of the information contained and/or [the] affiant. All depositions shall be completed within fifteen (15) days of the request to take the depositions. Any disputes regarding the confirmatory discovery provided for herein shall be submitted to the Court for immediate resolution. The Parties agree to abide by the Court's rulings as to such disputes."

**PLAINTIFFS' POSITION**:

Confirmatory discovery from Defendants regarding net worth is insufficient and incomplete, whether based upon excuses of Defendants' meritless objections and refusals, or upon further delays noted by Defendants as inabilities to provide confirmatory information pursuant to the Settlement Agreement, Defendants still appear unable or yet unwilling to provide, either due to delays or objections, Defendants' either audited financial statements, and/or unaudited financial statements, for each of the four Defendants, for each of the two fiscal years 2018 and 2019, nor any financial statements whatsoever in the case of ARC, in the case of which no financial statements have been received whatsoever; nor have Defendants yet provided affidavits as to information that is incomplete, despite the Settlement Agreement's provision requiring audited financial statements for confirmatory discovery, and/or a deposition for confirmatory discovery.

Defendants produced on January 20, 2021, limited additional though still incomplete financial statements, and Defendants also indicated that they cannot provide any attestations per the Settlement Agreement ¶17 as to availability or unavailability of additional or omitted financial statements for another seven days from now. And also, Defendants reported that as to one of the four Defendants, ARC, Defendants have refused to provide any financial statements whatsoever. And, Defendants also object to providing any financial statements for any Defendants whatsoever beyond 2018, which omits necessary 2019 information. The Settlement Agreement is dated effective as of at least August 8th, 2019, if not later, because of a later signature by the ARC Defendant, not provided until October 14, 2020.

We on behalf of Plaintiffs have been attempting to resolve these issues with Defendants since at least November 2020, and Defendants yet still now have not responded as to which or whether information is yet still incomplete or withheld. This, despite the Settlement Agreement's

requirement for production of Defendants' audited financial statements, and potentially a deposition for purposes of completing confirmatory discovery.

Plaintiffs' request for confirmatory information is necessary to enable Plaintiffs to confirm net worth information on which the class settlement amount is partly based, as is contemplated in the Settlement Agreement (S.A. ¶16). However, Defendants have either refused or yet omitted to provide such information as to each Defendant's 2018 and 2019 financial statements, while Defendants have also not yet provided affidavits as to Plaintiffs' inquiries as to availability of financial statements, as referenced in sections S.A. ¶16 – 17, regarding confirmatory discovery and production of audited financial statements and agreement to a confirmatory discovery deposition. Plaintiffs cannot dispense with such necessary and agreed-upon confirmatory discovery.

Defendants' meritless position, that because the class settlement amount reflects a negotiated discount relative to Defendants' actual net worth, the actual net worth, such as would be reflected in the audited financial statements, is entirely irrelevant and unnecessary for purposes of confirming the fairness and reasonableness of the settlement -- is a position that is flawed and contrary to the Settlement Agreement, e.g., S.A. ¶¶ 16-17, and should not be endorsed by the Court.

Rather, Plaintiffs' position is the correct one, which is that the agreed upon audited financial statements are clearly informative, if not also definitive, of Defendants' net worth, and of the relative fairness and reasonableness of the class settlement amount, irrespective of any negotiated relative discount. Indeed, such settlement negotiations were based upon Defendants' representations about their net worth. Because the information is necessary is precisely the reason why the particular discovery was specifically built into the Settlement Agreement (e.g., S.A. ¶¶ 16-17), as to which Defendants have agreed, and as to which Defendants' current position is contradictory.

4

Because it appears, including in light of the October 16 letter, that the parties have reached an impasse regarding the discoverability of the disputed information, Plaintiffs join Defendants' October 16 request for the Court's assistance to resolve the dispute, pursuant to S.A. ¶17. Plaintiffs respectfully request the Court resolve the dispute by granting the request for production of Defendants' audited financial statements for the recent fiscal years, specifically 2018 and 2019, and a deposition. And, if no such statements exist, Defendants should provide each Defendant's financial statements for 2018 and 2019 to the extent they are available, even if not necessarily in audited form, and Defendants should also provide affidavits attesting thereto, as to explanations of the unavailability of financial statements, and also provide a confirmatory deposition as referenced in the Settlement Agreement. S.A. ¶17.

While Plaintiffs do not believe a telephone call with Your Honor is absolutely necessary to resolve the dispute, nor to resolve the dispute in favor of granting the discovery, we remain available, as always, should Your Honor require any further information.

**DEFENDANTS' POSITION:**

**BACKGROUND**

Defendants believe a summary review of the instant litigation will better enable the Court to evaluate the current dispute between the parties. *Chang v Frontline Asset Strategies ("Frontline") and Razor Capital II, LLC ("Razor")* was filed on February 20, 2018. The cause of action was based on the claim that Razor was not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute at the time Frontline sent a dunning letter on its behalf. *Sandoval v Absolute Resolutions Investments, LLC ("ARI"); Absolute Resolutions Corporation ("ARC"); Frontline Asset Strategies, LLC; Mark Naiman; Daniel Winkler; Andrew Dunn; Bryon Kozak* was filed on June 21, 2018 with the same

factual basis, except that Frontline sent a dunning letter on behalf of Absolute Resolutions Investments, LLC.

On August 9, 2018 Your Honor held an initial Rule 16 Conference in the Chang matter. At that time Counsel for Defendants raised the suggestion that the Chang matter be consolidated with the Sandoval matter. The rationale for the suggestion was that (a) all Plaintiffs and all Defendants were represented by the same counsel respectively, (b) both cases had a potential numerosity problem, they were 33 accounts in the Chang class and 34 in the Sandoval class, (c) there were common shareholders of Razor and ARI and (d) it was concluded that given all the factors it made more sense to resolve the litigation via settlement rather than litigation. After discussion among the parties and the Court it was agreed that the cases would be consolidated and settled. To that end Defendants Razor, ARI and Frontline provided financials on multiple occasions and confirmed class size(s). The individual defendants were subsequently dismissed as part of the consolidation process.

Indeed on October 24, 2018 Your Honor held a telephonic conference where the litigants advised you that we were settled in principle. At that point we started to negotiate both the class settlement and the incentive awards to the individual named Plaintiffs. Without going into details, Plaintiff's counsel sought an class amount pegged to his evaluation of net worth based on the financials for 2017 and 2018 that had been produced by Razor, ARI and Frontline which Defendants objected to. The parties continued to go back and forth until February 1, 2019 when the parties appeared before the Hon. Steven C. Mannion, U.S.M.J. for the Sandoval Initial Rule 16 Conference. The parties advised Judge Mannion of the agreement to consolidate the matter with the earlier filed Chang case and the conference was converted to a settlement conference. After considerable discussion between all parties, a class award of $200 per class member was agreed to and individual incentive awards of $1500 each for the named Plaintiffs. It was further agreed

that any uncashed checks would not be returned to Defendants but would be aggregated into a Cy Pres Award to the Public Justice Foundation located in Washington D.C. These terms were codified in a Class Action Settlement Agreement executed in August 2019.

### RESPONSE TO PLAINTIFFS' COMMENTS

In reviewing the current demands for additional financial information, the Defendants make the following responses. In regard to financials for the year 2019, Defendants believe that this is overreaching. The case was settled 30 days into 2019. The Plaintiffs fail to provide any basis for demanding financials for the subsequent year after the settlement was agreed to. In regard to financials for ARC, at no time has Plaintiff provided any basis for naming ARC as a Defendant. It was not the owner of any of the debts giving rise to the instant litigation and was not involved in any attempt to collect those debts. Indeed, in the Settlement Agreement itself ARC is not contemplated as a party to the dispute, Settlement Agreement IV, Release of Claims, ¶ 10:

> The final judgment will provide for the Release of Claims as defined below relating to the collection of debts on behalf of Razor or ARlLLC when neither Razor nor ARILLC was licensed under the NJCFLA."

The Settlement Agreement IV, Release of Claims, ¶ 11 reads in pertinent part:

> The following release language ("Release of Claims") shall appear in the Class Notice and the Final Approval Order:

> Released Claims' shall mean any and all actions, causes of action, suits, claims, controversies, damages, judgments, demands, liabilities and obligations in law relating solely to claims of statutory damages under the federal Fair Debt Collection Practices Act ("FDCPA"), that Plaintiffs and the Settlement Class members, as defined herein, asserted or could have asserted as a result of Frontline Asset Strategies, LLC's ("Frontline"), collection of debts on behalf of:
> (a) Razor Capital II, LLC ("Razor"), when Razor was not licensed under the New Jersey Consumer Finance Licensing Act ("NJCFLA"), N.J. Stat. Ann. § 17:11 C1 et seq., from February 20, 2017 to November 27, 2017.
> (b) Absolute Resolutions Investments, LLC ("ARILLC"), when ARILLC was not licensed under the NJCFLA, from June 21, 2017 to December 4, 2017.

There is no mention of ARC nor could there be. ARC could not be required to be licensed as it made no attempt to collect the debts in question. It is believed that ARC was named simply due to Counsel's propensity when filing FDCPA actions to name any Defendants with a similar name to the party whose action is alleged to violate the FDCPA, without any basis other than the similarity in name.

Lastly, as to the issue of "audited" financials. Admittedly, this term slipped by Defense counsel as in prior class settlements both with instant Plaintiff's counsel and with other unrelated counsel audited financials were never demanded or produced. The only exception to that is when for one reason or another the company had already had them. But in no case have audited financials been obtained specifically for a class action. While not definitive, in researching the issue I found no New Jersey FDCPA related cases where a court ordered that a company procure audited financials. In the instant case Frontline had standard FDCPA audited financials for 2017-2018 and rather than continue to argue they have been produced. Neither Razor nor ARI have FDCPA audited financials for the subject years, 2017 and 2018. An affidavit to that point will be produced within the next seven days.

Defendants are willing and ready for a brief phone conversation with the Court to try and resolve these issues without the need for further litigation.

\* \* \*

The parties are thankful for the Court's consideration of this matter.

Respectfully submitted,

By: */s/ Jason D'Agnenica*
KIM LAW FIRM LLC

cc:    All Counsel of Record (*via ECF*)

8